**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carlos Tiran MCCRAY, Defendant–
Appellant.**

No. 07–14735
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 12, 2008.

Gwendolyn L. Spivey, Randolph P. Murrell, William Rourk Clark, Jr., Federal Defender Office, Tallahassee, FL, for Defendant–Appellant.

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Carlos Tiran McCray appeals his sentence of 188 months' imprisonment for possession of a firearm by a convicted felon. McCray invites us to revisit our holding in *United States v. Burge*, 407 F.3d 1183, 1190–91 (11th Cir.2005), that juvenile adjudications provide sufficient safeguards to ensure the reliability required by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and thus under the Sixth Amendment are a permissible basis on which to classify a defendant as an armed career criminal and enhance his sentence accordingly. McCray asserts circuit courts are divided over whether *Apprendi*'s exception for prior convictions extends to juvenile adjudications that were not tried by a jury.

We review *de novo* legal questions concerning the Constitution. *United States v. Noel*, 231 F.3d 833, 836 (11th Cir.2000). In *Apprendi*, 120 S.Ct. at 2362–63, the Supreme Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Recognizing this exception, we have stated "[t]he government need not allege in its indictment and need

not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." *Burge,* 407 F.3d at 1188 (quotations omitted). In *Burge,* we held prior juvenile adjudications fell within *Apprendi*'s prior conviction exception. *See Burge,* 407 F.3d at 1191 ("At a minimum, however, *Apprendi*'s prior conviction exception is based on the procedural safeguards that attach to a prior conviction or juvenile adjudication."). "[O]nly the Supreme Court or this Court sitting en banc can judicially overrule a prior panel decision." *United States v. Marte,* 356 F.3d 1336, 1344 (11th Cir.2004).

As McCray concedes, *Burge* decides this issue. A prior juvenile adjudication that is not subject to a jury trial can be used as a basis for a sentence enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Thus, the district court did not err by categorizing McCray as an armed career criminal based on prior juvenile adjudications.

**AFFIRMED.**